IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-2** |
| **DONALD WOMACK, SR.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-3** |
| **PARIS CHURCH** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-5** |
| **NAIM BUTLER** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-6** |
| **RONELL WHITEHEAD** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-10** |
| **ROBERT DUSON** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-14** |
| **JAMEAR MCGURN** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-19** |
| **JOHN DENNIS** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323-22** |
| **KAREEM YORK** | : | |

**MEMORANDUM ORDER**

This 16th day of February, 2016, upon consideration of the Government's Motion *in Limine* to Limit Cross-Examination of a Certain Witness (Doc. 589), and noting that no Defendant has responded to the Motion, it is **ORDERED** that the Government's Motion is **GRANTED**.

The Government seeks to present at trial a witness, described only as "Witness 4," who will testify against his former co-defendants pursuant to a cooperation guilty plea agreement. The Government has provided notice that Witness 4 has previously been convicted of the following crimes:

1

1. In 1988: Intentional Possession of a Controlled Substance by a Person Not Registered, for which he received an Intermediate Punishment sentence in Delaware County's Treatment Court;

2. In 1990: Attempted Statutory Rape; and

3. In 2008 and 2012: convictions that the Government describes only as "drug-related."

Government's Mot. to Limit Cross-Examination at 2.

The Government concedes that Witness 4's 2008 and 2012 drug-related convictions are admissible, but it seeks a pre-trial ruling precluding the two earlier convictions from being introduced to impeach the witness. The Government argues that the 1990 attempted statutory rape charge is not admissible because it is not relevant, is "out of the time-frame of Rule 609," is not probative of the witness's character for truthfulness, and is unduly prejudicial. Government's Mot. to Limit Cross-Examination at 2. The Government argues more vaguely that the 1988 possession conviction should be precluded because it "does not meet with the requirements of Federal Rule of Evidence 609." Government's Mot. to Limit Cross-Examination at 2 n.1.

Federal Rule of Evidence 609 governs the use of a prior conviction to impeach a witness's credibility. Typically evidence of a felony conviction *must* be admitted when used to attack a witness's character for truthfulness if the witness is testifying in a criminal case and is not a defendant, subject only to the protections of Rule 403. Fed. R. Evid. 609(a)(1)(A) (emphasis added). However, since both of these convictions are more than 10 years old,[1] the heightened balancing test of Rule 609(b) applies: "Evidence of the conviction is admissible only

---

[1] Rule 609(b) defines the relevant 10-year time period as being measured "since the witness's conviction or release from confinement for it, whichever is later." The Government has not provided information about the witness's sentencing resulting from the statutory rape charge, but since the Government asserts that the conviction "is out of the time frame of Rule 609," I treat this as indicating that more than 10 years have passed since the witness was released from any kind of confinement to which he may have been sentenced.

2

if … its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). "The Advisory Committee Notes for Rule 609(b) emphasize that 'convictions over 10 years old will be admitted *very rarely* and *only in exceptional circumstances.*' " *United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014) (citing Fed. R. Evid. 609(b) advisory committee's note) (emphasis added in original).

Each of the convictions at issue has a low probative value to establish the Defendant's credibility since the convictions occurred more than 25 years ago and do not involve the sort of dishonesty or deceit that would bear on a witness's credibility. *See United States v. Gilmore*, 553 F.3d 266, 273 (3d Cir. 2009) (explaining how a conviction's age affects its probative value); *Walker v. Horn*, 385 F.3d 321, 333 (3d Cir. 2004) (outlining the types of crimes that bear on a witness's propensity to testify truthfully). Additionally, as the Government points out, the witness "is already subject to impeachment on his prior drug convictions and the fact that he is testifying after entering into a cooperation guilty plea agreement with the government in hopes of ameliorating his own sentence." Government's Mot. to Limit Cross-Examination at 4. Introducing such convictions under these circumstances would be cumulative and prejudicial.

For these reasons, I find that the balance weighs in favor of precluding the evidence under Rule 609, and defense counsel will not be permitted to introduce evidence of Witness 4's 1988 and 1990 convictions. This Order is without prejudice to any Defendant's right to make a motion to introduce evidence of one or both of these convictions during cross-examination if he provides a new and legitimate argument for doing so at trial.

/s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Court Judge

3