IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | **CRIMINAL NO. 14-323-3** |
| PARIS CHURCH | : | |
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 14-323-6** |
| RONELL WHITEHEAD | : | |
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 14-323-14** |
| JAMEAR MCGURN | : | |
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 14-323-22** |
| KAREEM YORK | : | |

**MEMORANDUM ORDER**

This 16th day of February, 2016, it is **ORDERED** that the Government's Motions *in Limine* to Admit Prior Convictions Pursuant to Fed. R. Evid. 609(a) (Docs. 515, 516, 517, 518) are **DENIED** for the reasons that follow.

**I. Introduction**

The Government has filed Motions *in Limine* seeking pre-trial rulings on the admissibility of the following impeachment evidence:

1. Defendant Paris Church's prior June 3, 2004 conviction arising from his arrest for distribution of cocaine within 1,000 feet of a school;

2. Defendant Ronell Whitehead's prior February 10, 2006 conviction for delivery/manufacture of cocaine;

3. Defendant Jamear McGurn's prior August 9, 2010 conviction arising from his arrest for delivery/manufacture of cocaine base ("crack") and criminal conspiracy—intentional possession of a controlled substance; and

1

    4.      Defendant Kareem York's prior March 13, 2014 conviction for delivery/manufacture of a controlled substance.

In the event that any of these Defendants choose to testify at trial, the Government seeks to use evidence of that Defendant's prior conviction to impeach him pursuant to Federal Rule of Civil Procedure 609(a). In addition, the Government seeks to use the conviction evidence to impeach any character witnesses that a Defendant may introduce.

## II. Impeaching a Testifying Witness

Federal Rule of Evidence 609(a) permits evidence of a prior felony conviction offered to impeach the credibility of a testifying witness. However, when the testifying witness is also the defendant in a criminal case, evidence of the conviction is admitted only "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "This reflects a heightened balancing test and a reversal of the standard for admission under Rule 403," creating "a predisposition toward exclusion." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (citation omitted).

The Third Circuit considers four factors when weighing the probative value against the prejudicial effect under Rule 609(a)(1)(B): "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the defendant's testimony to the case; and (4) the importance of the credibility of the defendant." *Id.* at 286 (citing *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)). Weighing these four factors, I find that the Government has not met its burden to prove that the convictions' contributions to the evaluation of the Defendants' credibility outweigh the risk of unfair prejudice.

In evaluating the first factor—the kind of crime involved in the prior conviction—the Third Circuit considers "both the impeachment value of the prior conviction as well as its

similarity to the charged crime." *Id.* at 286.  The impeachment value relates to the probative value of the crime in testing the witness's credibility.  *Id.*  All of the prior convictions at issue involve the distribution of cocaine.  Some courts have held that drug offenses are indicative of a defendant's veracity.  *See United States v. Borrome*, No. 97-00224-01, 1997 WL 786436, at *4 (E.D. Pa. Dec. 3, 1997) *aff'd*, 166 F.3d 1206 (3d Cir. 1998), *cert. denied*, 526 U.S. 1033 (1999); *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) ("Prior convictions for drug offenses are probative of veracity."); *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977).  More broadly, the Third Circuit has held that any felony conviction is probative of a witness's credibility, concluding that Rule 609 is based on the premise that "one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."  *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (Becker, J.) (citations omitted).  Although the convictions at issue have some impeachment value, the connection between drug distribution and a defendant's likelihood of testifying truthfully is still rather attenuated.  I find the probative weight minimal.

With respect to the similarity of the past conviction to the charged crime, "the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried."  *Caldwell*, 760 F.3d at 286.  Prior convictions for similar crimes should be admitted "sparingly if at all" because of the risk that the jury will draw an impermissible inference.  *Id.* (citations omitted).  This factor carries great weight in the present case.  These Defendants are all currently charged with engaging in a conspiracy to knowingly and intentionally distribute controlled substances in violation of Title 21 U.S.C. § 846.  Second Superseding Indictment Count One.  Some of the Defendants also face various charges for actually distributing cocaine.  *See, e.g.*, Second Superseding Indictment Counts Four

3

(Kareem York); Seventy-Four (Jamear McGurn); One Hundred and Twenty-Eight (Paris Church). These charges closely relate to the crimes which form the basis for the Defendants' previous convictions because the convictions involve the same types of conduct underlying the present charges. Allowing such evidence creates a great risk that a jury will draw the inference that the Defendants have a propensity to commit drug-related crimes, rather than considering it as evidence relevant to the witness's credibility.

The remaining factors do not carry enough probative weight to overcome this risk of prejudice. With respect to the second factor—when the conviction occurred—the Government merely points out that the prior convictions are from within the last 10 years and therefore "not so remote in time as to create unfair prejudice to the defendant[s]." Although this makes reference to the presumptive bar for convictions greater than 10 years old under Rule 609(b), the Government's argument does little to address how the date of the conviction adds to their probative value. The probative value of the age of a conviction depends in large part on whether the circumstances "suggest a changed character." *Caldwell*, 760 F.3d at 286 (citation omitted). The argument is slightly stronger in the case of Defendant McGurn, who the Government notes "has accumulated six convictions since 2009," and engaged in the conduct which forms the basis for the current charges while under supervision for his prior conviction. Government's Mem. in Supp. of Mot. to Admit Prior Conviction of Jamear McGurn at 2, 6. This provides some evidence suggesting that he has not experienced a "changed character," but this factor does not weigh heavily enough to tilt the balance towards including the prior conviction.

The third factor considers the defendant's need to testify on his own behalf. If it is apparent to the trial court that a defendant's testimony is "necessary" to rebut strong prosecution evidence, the balance tilts towards excluding the prior conviction. *Caldwell*, 760 F.3d at 287. In

4

this case, the Government explicitly argues that each Defendant's testimony is "of great significance" to his defense. If such testimony is as important as the Government suggests, that surely weighs in favor of excluding the evidence so as to not prevent the accused from testifying in his own defense.

The fourth factor considers the importance of the defendant's credibility. If a defendant's credibility as to non-trivial matters is a central issue in his defense, that weighs in favor of inclusion of the prior conviction. *Id.* at 288. The Government argues that the most important issue at trial will be the credibility of the witnesses. While this may weigh in favor of inclusion, the Third Circuit in *Caldwell* acknowledged the tension between the third and fourth factors, noting that some commentators believe the factors "cancel each other out," thus preventing "either factor from impacting the overall impeachment calculus." *Id.* at 288, n.15 (citing Jeffrey Bellin, *Circumventing Congress: How the Federal Courts Opened the Door to Impeaching Criminal Defendants with Prior Convictions*, 42 U.C. DAVIS L. REV. 289, 318 (2008)). This appears to be the case here. If the credibility of witnesses is the most important issue at trial, thereby weighing in favor of inclusion of the convictions, then each Defendant's need to testify on his own behalf appears to be of even greater significance, thereby weighing in favor of exclusion of the convictions. I therefore ascribe little weight to these factors in my analysis.

Overall, the most important factor in this particular case is undoubtedly the similarity between the prior conviction and the charged offense. The Government has failed to meet its burden to demonstrate how the high risk of prejudice presented by that similarity is overcome by the probative impeachment value of the prior crimes. Accordingly, the Government's Motion is denied without prejudice to revisit the issue if extraordinary circumstances arise.

### III. Impeaching a Character Witnesses

The Government also seeks a ruling that it may use the prior convictions to cross-examine any character witness that a Defendant presents on his own behalf. The Government does not, however, develop its argument for why it should be entitled to do so. I note that Federal Rule of Evidence 404(a)(2)(A) provides that if a defendant offers evidence of his own good character, including by testimony of a character witness, the door is then opened for the prosecutor to offer evidence to rebut such evidence. However, the scope of cross-examination is limited to the subject matter of direct examination, plus matters affecting the credibility of the witness. Fed. R. Evid. 611(b). Since the danger of undue prejudice that I described above is the same when the evidence is sought to be admitted through a backdoor like cross-examination of a character witness, I will carefully scrutinize any attempts to introduce the evidence of the Defendants' convictions in this way. If a Defendant does present a character witness at trial—and no Defendant has yet indicated he intends to do so—then the Government may re-assert its motion to introduce the Defendant's conviction during cross-examination.

/s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Court Judge