IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 14-323-3 |
| | : | |
| PARIS CHURCH | : | |

**MEMORANDUM**

**McHugh, J.**                                                                                                                     January 28, 2021

      Defendant Paris Church, having been convicted three times by federal juries, now moves for the production of "grand jury hearing transcripts, ballot, or record for inspection; indictment pertaining to the criminal charge; and criminal complaint." ECF 1193. Mr. Church alleges that without these documents, he cannot "ascertain whether or not his due process rights were upheld" and that these documents' absence on the docket "indicates injustice." *Id.*

      Mr. Church's direct appeal has been denied, and there are serious questions whether his motion is timely or procedurally proper. I will nonetheless address it on the merits.

      Grand jury proceedings are entitled to a strong presumption of regulatory. *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980). "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." Courts may order disclosure of grand jury matters if a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). The moving party must show "a particularized need for that information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)). The district

1

2

court "necessarily is infused with substantial discretion" in its analysis. *Id.* (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979)).

Mr. Church has not shown such a particularized need. Large parts of Mr. Church's argument focus on the alleged absence of an indictment in the docket. In fact, the Superseding Indictment appears on the docket at ECF 19. Mr. Church's other arguments are boilerplate; they do not cite to any facts specific to his case: and do not rise to the level of a particularized need as required by the Federal Rules of Criminal Procedure and of this Circuit. *See McDowell*, 888 F.2d at 289.

The motion will therefore be denied.

                                                                                      s/ Gerald A. McHugh  
                                                                                       United States District Judge