IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 14-323-3 |
| | : | |
| PARIS CHURCH | : | |

**MEMORANDUM**

McHugh, J.                                                                                              January 28, 2021

Having been convicted three times by juries, Defendant Paris Church is currently serving a 360-month sentence for his participation and leadership in multiple drug conspiracies. He now seeks compassionate release due to the COVID-19 Pandemic. For the reasons below, his motion will be denied.

I.      **Administrative Exhaustion**

Movants for compassionate release must exhaust their administrative remedies by first filing a request with the warden of the movant's facility and either receiving a denial from the warden or waiting thirty days with no answer. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Church asserts that he filed such a request on June 4, 2020 via email and that his request was denied. *See* Motion, ECF 1185. The government states that "no such request was received" by the institution, and that Mr. Church has therefore not exhausted his remedies. *See* Gov. Resp., ECF 1186. I am cognizant that access to resources inside most prisons have been greatly restricted due to COVID, and may include restriction of access to libraries, printers, or certain prison offices. *See, e.g.*, Bureau of

Prisons Modified Operations (Updated Nov. 25, 2020)[1] (noting that the BOP "has implemented modified operations to maximize social distancing" and that "[t]o that end, inmates are limited in their movements."); Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control and Prevention (Updated Oct. 21, 2020)[2] (advising that prisons "[m]inimize interactions between incarcerated/ detained persons" including "implementing broad movement restrictions").

Mr. Church asserts that he sent a request to the warden via email. *See* ECF 1185. He also states that he has been in lockdown in his cell for twenty-two hours per day. *Id.* Mr. Church's motion to this court was hand-written. *Id.* Given the restrictions in place at BOP institutions, that likely impede Mr. Church's ability to furnish further proof of administrative exhaustion, or the sake of expediency I will assume that Mr. Church has met his burden regarding exhaustion. [3]

## II.      Compassionate Release

Nevertheless, Mr. Church has not met his burden to show he merits Compassionate Release under the statute, and his motion will be denied.

A court may modify or reduce a sentence except for "extraordinary and compelling" reasons. 18 U.S.C. § 3582(c)(1)(A)(i). The U.S. Sentencing Commission has enumerated certain extraordinary and compelling reasons, including "serious physical or medical condition[s]." *See* U.S.S.G. § 1B1.13. In the introduction to his motion, Mr. Church states that he should be released

---

[1] Available at https://www.bop.gov/coronavirus/covid19_status.jsp
[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html#management

[3] The government's citation to *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), is inapposite, as the defendant in that case filed his motion with District Court before thirty days had passed since his filing with the warden; he was therefore asking the court to waive the administrative exhaustion requirement, and the Third Circuit held that courts have no power to do so. Here, the issue is not whether the exhaustion requirement has been waived, but rather what type of proof is realistically available to an incarcerated defendant to prove exhaustion.

due to "multiple health issues" but he does not specify what those issues are, and in his motion he argues solely that the Bureau of Prisons cannot protect inmates from the virus, and that his family and community would benefit from his release due to devastation wrought by the virus. *See* ECF 1185. Without any information suggesting a serious medical condition, I decline to grant Mr. Church's motion based on medical reasons. Although the COVID-19 pandemic is serious, this alone is not sufficient to warrant compassionate release. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). The BOP currently reports only twenty-nine coronavirus cases at FCI Allenwood Medium, where Mr. Church is detained,[4] and thankfully there have been no fatalities among inmate or staff. I have elsewhere set forth the many steps taken by the BOP to fight the pandemic. *See United States v. Robinson,* 466 F. Supp. 3d 524, 529-30 (E.D. Pa. 2020).

Further, even if Mr. Church had shown an extraordinary and compelling reason for release, I am required to consider the factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law [and] . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). As discussed in the government's response, Mr. Church was found guilty of serious crimes involving trafficking in cocaine, crack, and heroin spanning several years. *See* ECF 1186. The seriousness of these crimes, coupled with his prior record, resulted in a lengthy sentence, of 360 months. *See* Judgment, ECF 1114. Contrary to Mr. Church's assertion that he has served a significant portion

---

[4] *See* COVID-19 Cases, Bureau of Prisons (Updated January 27, 2021 ) (available at https://www.bop.gov/coronavirus/)

3

of the sentence, he has only served about twenty percent of his total sentence. *Id*. And it is clear to the Court from presiding over three trials involving Mr. Church that he has been deeply immersed in drug trafficking, preying on the Chester community, for most of his adult life.

Mr. Church is correct that his offense was, on one level, non-violent. But the conspiracy he helped lead made use of firearms. At sentencing, recognizing Mr. Church's age, and the length of imprisonment he faced, I decided not to apply the weapons enhancement. But I did so strictly as an accommodation to him, knowing that it would affect the BOP's determination of where he would serve his sentence. As a factual matter, he is culpable for the firearms employed by his co-conspirators.

Mr. Church has not shown that releasing him before he has served most of his sentence aligns with the statutory sentencing factors. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (upholding district court's denial of compassionate release where crimes were non-violent but were "extraordinarily serious" and required "a significant period of incarceration.").

For these reasons, Mr. Church's motion for compassionate release will be denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge